ALBERT GREEN AND MILDRED GREEN, PARTNERS, TRADING AS A & M GREEN LIQUORS, PLAINTIFFS-APPELLANTS, v. CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued September 12, 1972—Decided October 10, 1972.

Mr. *Jeffrey C. Green* argued the cause for appellants.

Mr. *Roger A. Lowenstein* argued the cause for respondent City of Newark (*Mr. William H. Walls,* attorney).

PER CURIAM. This appeal involves a claim against the City of Newark under *N. J. S. A.* 2A:48–1 to 7 which imposed liability upon the City for property damage caused by riot. In *A. & B. Auto Stores of Jones Street, Inc. v. City of Newark,* 59 *N. J.* 5 (1971), we held that an insurance carrier could not be subrogated to its insured's claim against the City under that statute. Plaintiffs' claim, one of some 450 there involved, was remanded for trial. Upon the remand, the trial court found for defendant. We certified the ensuing appeal before argument in the Appellate Division.

The trial court construed our opinion, cited above, to bar recovery by a damaged party if he had any insurance at all, notwithstanding that the coverage was less than the loss. Hence recovery was denied plaintiffs even though their loss allegedly exceeded the available insurance by $8,558.71.

In the cited opinion we concluded that an insurance carrier should not be subrogated to the insured's claim because of the equitable considerations there set forth. But we did not say that a claimant who carried some insurance will be barred because he did not carry enough. In the present context, it is irrelevant to speak of the claimant as a "co-insurer" as to the excess, just as it would be to label as a "self-insurer" a riot victim who carried no insurance at all. The relevant fact is that the uninsured or partially insured claimant is the very victim the statute was intended to protect and is not a third party who fulfilled a paid promise

to indemnify a riot victim. In short, as to an uninsured loss or portion of a loss, there are absent the equitable considerations which operated to deny subrogation to the insurance carrier in *A. & B. Auto Stores, supra.*

We should add that we do not have the question whether a victim who settled with his carrier for less than the full policy limits may recover from the City· the difference between the settlement figure and the face amount of the insurance policy. We intimate no view with respect to such a case.

The judgment is reversed and the matter remanded for proceedings not inconsistent herewith.

*For reversal and remandment*—Chief Justice WEINTRAUB, Justices PROCTOR, HALL and MOUNTAIN, and Judges CONFORD and SULLIVAN—6.

*For affirmance*—None.